Joel T. Marker (4372)
**McKAY, BURTON & THURMAN**
Attorneys for Raymond Klein
10 East South Temple Street, Suite 600
Salt Lake City, UT 84133
Telephone: (801) 521-4135



FEB 4  3 56 PM '02

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: : | Bankruptcy No. 01-38555 GEC |
| | Chapter 11 |
| C and M PROPERTIES, L.L.C., a Utah : | |
| limited liability company, | |
| Debtor. : | |

### OBJECTION BY RAYMOND KLEIN TO MOTION TO AUTHORIZE DEBTOR IN POSSESSION TO INCUR DEBT

Raymond Klein, a member of C and M Properties, L.L.C. (the Debtor) hereby objects to the Motion to Authorize Debtor in Possession to Incur Debt, dated January 14, 2002. In support of this objection Klein respectfully represents as follows:

1. Klein is a member of the Debtor, owning a 32.5% membership interest.

2. By its motion the Debtor seeks authority to borrow up to $20,000.00 from Wolf Mountain Resorts, L.C. (Wolf Mountain) in order to retain accountants and to retain professional land use planners or engineers.

3. Klein asserts the Debtor has failed to set forth sufficient cause to allow the Court to authorize the proposed borrowing. In particular, the Debtor's motion fails to specify:

    a. The work to be done by PricewaterhouseCoopers and whether the "initial accounting work" and the "forensic audit" are the same as the services described in the Debtor's motion seeking authority to employ PricewaterhouseCoopers; and

    b. The Debtor's motion fails to describe the land



services to be provided and does not identify any professional to be retained by the Debtor to perform such services.

4. With respect to the land use planning or engineering services contemplated by the Debtor, Klein believes the Debtor should be required to disclose any potential conflicts of interest with member Wolf Mountain. In particular, the Debtor should be required to disclose whether the proposed land use planning or engineering services involve other real property near the Debtor's parcel, owned by Wolf Mountain, that would benefit from such services to the prejudice of other parties in interest in this case.

5. With respect to the "forensic audit" contemplated by the Debtor, Section 11.3 of the Debtor's Operating Agreement states as follows:

> <u>Records, Inspections, Audits</u>. The Company shall keep its formation, membership, operating, accounting, financial, tax and all other records at its principal place of business. Each member may, at his or her option, inspect and/or conduct audits of the books, records and accounts of the Company and make copies thereof at his or her expense. Inspections shall be made at reasonable times and during normal business hours. The cost of any inspections or audits of the Company by a Member shall be at the Member's sole expense.

To the extent Wolf Mountain believes an audit is necessary or beneficial, it should pay for the audit itself without reimbursement from the Debtor's estate.

Based upon the foregoing Raymond Klein respectfully requests the Court enter an order denying the motion and for such other and further relief as the Court determines to be appropriate under the circumstances.

DATED this 4th day of February, 2002.

McKAY, BURTON & THURMAN

/s/ Joel T. Marker

Joel T. Marker, Attorneys for
Raymond Klein

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of February, 2002, a true and correct copy of the Objection by Raymond Klein to Motion to Authorize Debtor in Possession to Incur Debt was hand delivered to the following:

Peter W. Billings
Douglas J. Payne
Fabian & Clendenin
215 South State Street, 12th Floor
Salt Lake City, UT 84151

was mailed, postage prepaid to the following:

United States Trustee
Boston Building #100
9 Exchange Place
Salt Lake City, Ut. 84111

DATED this 4th day of February, 2002.

*[signature]*

\NDL\JTM\T\CH7\GreatBasin\AttyEmplCer