Joel R. Dangerfield (Utah State Bar No. 0812)
9 Exchange Place, Suite 1123
Salt Lake City, Utah 84111
Telephone: (801) 355-2524
Telecopier: (801) 355-4347
Attorney for The Canyons Resort Village Association, Inc.

May 30  12 52 PM '02

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 01-38555GEC |
| C and M PROPERTIES, L.L.C., | Chapter 11 |
| Debtor and Debtor in Possession | Judge Glen E. Clark |

### LIMITED OBJECTION OF THE CANYONS RESORT VILLAGE ASSOCIATION, INC. TO DEBTOR'S MOTION TO AUTHORIZE SALE OF PROPERTY FREE AND CLEAR OF LIENS

Creditor and party in interest, The Canyons Resort Village Association (the "Association") by its attorney, Joel R. Dangerfield, Esq., objects to the Debtor's Motion to Authorize Sale of Property Free and Clear of Liens, dated May 6, 2002 ("Sale Motion") to the extent, and only to the extent, that the Sale Motion purports to waive, nullify or affect, in any manner, any applicable provisions of that certain Amended and Restated Development Agreement For The Canyons Specially Planned Area, dated November 15, 1999 (the

c:\data\jrd\canyons.obj.



0138555D73

"Development Agreement") and The Canyons Resort Village Management Agreement (the "Management Agreement"), dated November 16, 1999, including particularly the obligation of Debtor or its transferee to remit to the Association a transfer fee upon the sale of its property.

In support of this limited objection, the Association represents as follows:

1. The Association is a duly organized non-profit corporation and property owners association of which the Debtor is a member, which governs and regulates, pursuant to the Development Agreement and the Management Agreement, certain development and related activities of the properties at the ski area known as The Canyons, located near Park City in Summit County, State of Utah.

2. Debtor, through the Sale Motion, seeks authority to sell its principal asset, a parcel of real property within the Canyons Resort development, to a purchaser, K-2 Properties Ltd., of Austin, Texas, upon the terms stated and as set forth in the Sale Motion.

3. The Debtor's property is subject to various covenants, conditions and restrictions running with the land that are of record in the Office of the Summit County Recorder, State of Utah, including, without limitation, those set forth in the Development Agreement and the Management Agreement. Among the many use conditions and restrictions imposed by the Management Agreement, the transaction proposed by the Debtor, if consummated, would constitute a "Transfer" of "Resort Property" under Section 4.6 of the Management Agreement for which K-2 Properties, Ltd., as the purchaser and transferee of the property, would be obligated to pay to the Association a "Transfer Fee" determined in accordance with the Management Agreement.

4. Accordingly, based upon the $7,238,000 purchase price specified in the Sale Motion and assuming that the purchase price is equivalent to "fair market value", and the application

of the one percent "Real Estate Transfer Assessment Rate" specified in Paragraph 4.6 of the Management Agreement for unimproved land, a "Transfer Fee" of $72,380 will be due and payable to the Association upon the closing of the transaction.

5. John Young, the Executive Director of the Association, corresponded with the Debtor and the proposed purchaser and their counsels on April 22, 2002 notifying them that the Transfer Fee would be due notwithstanding the provisions of Section 363(f) of the Bankruptcy Code. On May 6, 2002, the Association's counsel corresponded with the Debtor's counsel and has spoken with them several times since, expressing the Association's concerns and requesting the Debtor's commitment that the sale is not intended to be free and clear of any restrictions, covenants and conditions of record and running with the land and as to the payment of the referenced Transfer Fee at closing. As of the filing of this limited objection, the Association has not had a response to either letter either acknowledging the Association's concerns or the obligation to pay the Transfer Fee.

6. The Association files this limited objection to insure that any order approving a sale is clear that the sale and the property remain subject to restrictions, conditions, covenants of record and that run with the land and that the Transfer Fee is not included, expressly or by implication, as a lien or claim that need not be paid upon closing or that is otherwise adversely affected by the application of Section 363 (f) and to insure that the issue of the Transfer Fee is expressly included in the Court's order should the Sale Motion be granted. The Debtor's position on payment of the Transfer Fee upon closing is unknown at this time.

7. A Debtor cannot convey better title than it has, and the court has no authority under 11. U.S.C. §363(f) to authorize any sale of estate property free and clear of deed restrictions, reciprocal land covenants or covenants, conditions and restrictions of record intended to run

with the land[1]. The Debtor's property is subject to various covenants, conditions and restrictions of record, including without limitation, the Amended & Restated Development Agreement For The Canyons Specially Planned Area, Dated November 15, 1999, and The Canyons Resort Village Management Agreement, dated November 6, 1999.

8. While the Debtor's counsel has informally advised that it is not the Debtor's intention to convey the property free of any deed restrictions, covenants, conditions, and restrictions of record running with the land, the Association believes that appropriate action should be taken to eliminate the possibility of future doubt, ambiguity, or argument concerning the scope of the bankruptcy court's authority to approve a sale of the property "free of any liens".

9. Specifically, the Association requests that both any order authorizing the sale and any debtor-in-possession deed specifically recite that the sale is ... "subject to all deed restrictions, reciprocal land covenants and various covenants, conditions and restrictions of record, including without limitation, the Amended and Restated Development Agreement for the Canyons Specially Planned Area, dated November 15, 1999, and The Canyons Resort Village Management Agreement, dated November 6, 1999."

---

[1] See, In Re 523 East Fifth Street Housing, Preservation Dev. FundCorp., 79 B.R. 568 (Bankr. S.D. N.Y. 1987) (property of the estate cannot be sold under 11 U.S.C.§363(f) free and clear of covenants and restrictions that run with the land); In Re Oyster Bay Cove, 161 B.R. 338 (Bankr. E.D. N.Y 1993) aff'd Silverman v. Ankari (In Re Oyster Bay Cove) 196 B.R. 251 (E.D. N.Y. 1996) (a sale free and clear of liens under §363(f) extinguishes only mortgage, judgment and statutory liens and does not extinguish covenants and restrictions of record which run with the land); Gouveia v. Tazbir, 37 F.3d. 295 (7th Cir. 1994) (a debtor may not sell property of the estate free and clear of a reciprocal land covenant; although the restriction covenant might contain the characteristics of both a contract and an interest in real property, the primary nature of covenants and deed restrictions which run with the land are not contractual but rather a property interest); and see generally, Bogdanoff, "The Purchase and Sale of Assets in Reorganization Cases- Of Interest and Principal, of Principles and Interest" 47 Bus.Law. 1369, 1417 (Aug. 1992- Vol. 4).

10. Again, as referred to in Mr. Young's letter of April 22, 2002, Section 4.6 of the Management Agreement provides for a transfer fee of (1% of the fair market value of the property transferred as to unimproved real property) to be paid by the transferee. The Association requests assurances, from the Debtor-Seller and the Court, that the said transfer fee is recognized by the parties as a covenant encumbrance which must be paid upon the closing of escrow and appropriately provided for in any order authorizing the sale and disbursement of proceeds and accompanying escrow instructions.

Wherefore, the Association requests relief in accordance with the foregoing and for such other and further relief as the Court may deem just and proper.

DATED this 30th Day of May, 2002.

_____
Joel R. Dangerfield
Attorney for The Canyons Resort Village Association, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2002, I served a true and correct copy of the foregoing **LIMITED OBJECTION OF THE CANYONS RESORT VILLAGE ASSOCIATION, INC. TO DEBTOR'S MOTION TO AUTHORIZE SALE OF PROPERTY FREE AND CLEAR OF LIENS** upon the following by placing the same in the United States mail, postage prepaid, addressed as follows:

Peter W. Billings, Esq/
Fabian & Clendenin
215 South State Street, #1200
Salt Lake City, Utah 84111
Attorneys for Debtor

Laurie Crandall
Assistant United States Trustee
Office of United States Trustee
100 Boston Building
9 Exchange Place
Salt Lake City, Utah 84111

Joel R. Dangerfield, Esq.
Attorney for The Canyons Resort Village
Association, Inc.

c:\data\jrd\canyons.obj.

6