ORIGINAL

RICHARD D. BURBIDGE, Esq. (#0492)
JEFFERSON W. GROSS, Esq. (#8339)
BURBIDGE & MITCHELL
Attorneys for Burbidge & Mitchell
Parkside Tower
215 South State, Suite 920
Salt Lake City, Utah 84111
(801) 355-6677

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**C and M PROPERTIES, L.L.C., a Utah limited liability company,**<br><br>Debtor. | Bankruptcy No. **01-38555 GEC**<br><br>Chapter 11<br><br>Honorable Glen E. Clark<br><br>Hearing Date: January 16, 2003<br><br>Hearing Time: 10:00 a.m. |

### AFFIDAVIT OF RAYMOND O. KLEIN

0138555D144

# AFFIDAVIT OF RAYMOND O. KLEIN

Executed in Metz, France
January 15, 2003

Raymond O. Klein, being first duly sworn, deposes and says:

1. I am an individual resident of Maricopa County, Arizona.

2. At all relevant times set forth in this Affidavit, I was a member of C&M Properties, L.L.C., a Utah liability company ("C&M). During the period in which the fees subject of the fee application by Burbidge & Mitchell were incurred, I was managing member of C&M.

3. I am not able to attend the hearing on the objection to the fees owed by C&M to Burbidge & Mitchell scheduled for January 16, 2003 at 10:00 a.m. by reason of a contractual commitment in Europe.

4. I provide this Affidavit as a substitute therefore and confirm that I have personal knowledge of each and every fact set forth herein.

5. I have reviewed all of the billing statements sent by Burbidge & Mitchell in connection with their work for C&M, including all of the invoices which are to be submitted as Exhibit 1 by Burbidge & Mitchell in the above-referenced hearing. The services reflected therein were authorized by C&M, the statements were reviewed by me as managing member of C&M, and the sums reflected therein as due and owing in my opinion reflect fair and reasonable consideration for the services rendered.

6. I have reviewed Exhibit 49, constituting the complaint filed by Canyon Estates Homeowners Association, Inc. ("Canyon Estates") and I have reviewed Exhibit 51, which constitutes the answer to the complaint by Defendant C&M Properties, L.L.C., Counterclaim and

Crossclaim. I reviewed these pleadings prior to the time they were filed and personally provided to Burbidge & Mitchell the facts forming the basis for the claims. I believe then and believe now that the claims asserted on behalf of C&M were appropriate and justified by the facts and circumstances relating thereto.

7.  Exhibit 4 to these proceedings is a true and correct copy of a Notice of Members Meeting which I caused to be sent to the members of C&M on or about November 16, 2000 for the purpose of discussing the above-referenced litigation.

8.  Exhibit 5 to these proceedings is a true and correct copy of the Unanimous Written Consent of the members of C&M which was entered into pursuant to that meeting and it bears the signature in counterpart of all of the then members of C&M, including Timothy Olsen, as Trustee for High Mountain Partners, L.L.C.

9.  Exhibit 18 is another Unanimous Written Consent and Agreement by C&M which confirmed its resolution to move forward on the litigation.

10. A meeting was held of C&M on September 13, 2002, in which I was terminated as a manager. At that meeting certain resolutions were entered into by C&M which called for the dismissal of the litigation and the payment to Wolf Mountain and Paul Peters, Defendants in the litigation filed by C&M, for their attorneys fees.

11. At that meeting, I asked all present, including specifically Timothy Olsen, if any agreement had been entered into prior to that meeting to reach the resolutions entered into that dismissed the litigation. I was told no such agreement had been entered into.

12. Two weeks ago, I saw Exhibit 35, entitled "Agreement to Manage and Protect the Assets of C&M." This agreement was entered into by members of C&M, including Wolf

2

Mountain Resorts, L.C. ("Wolf Mountain"), High Mountain Partners, L.C. ("High Mountain") and Timothy R. Olsen. It was not entered into by C&M. At the time of that agreement, which is dated as of August 21, 2001, not only was Timothy Olsen the managing member of C&M, but he was actively encouraging the litigation above-referenced. I did not know until two weeks ago when I was given the first opportunity to review Exhibit 35 that there was, in fact, an agreement entered into between the other members of C&M and that pursuant to that agreement Mr. Olsen was provided, among other things: (1) a $1,000,000.00 profit guarantee from Wolf Mountain [& 8.2]; (2) a $50,000.00 cancellation of a note from an affiliate of Wolf Mountain [&2.2]; (3) fifty free ski passes per year for a period of 10 years[Article VI]; and (4) assurance from Wolf Mountain that High Mountain's exchange of equity for secured debt would not be challenged [Article III]. Had I known of this secret agreement and the consideration that Mr. Olsen and High Mountain (now the sole owners of C&M) received, I would not have agreed to release by interest in C&M as set forth in the bankruptcy and C&M's bankruptcy confirmation order.

DATED this _____ day of January, 2003.

_____
Raymond O. Klein

_____
Sylvain Masson, Witness

3

## CERTIFICATE OF SERVICE

On the date below written, the undersigned hereby certifies that a true and correct copy of the foregoing **AFFIDAVIT OF RAYMOND O. KLEIN** was hand delivered to:

Jonathan O. Hafen
PARR WADDOUPS BROWN
    GEE & LOVELESS
185 South State Street, Suite 1300
Salt Lake City, UT 84111

Peter W. Billings
FABIAN & CLENDENIN
215 South State Street, 12th Floor
P.O. Box 510210
Salt Lake City, Utah 84151-0210

United States Trustee
9 Exchange Place, Suite 100
Salt Lake City, Utah 84111

DATED this the 15th day of January, 2003.

_____